UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                           (For Online Publication Only)
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                            **MEMORANDUM & ORDER**
                                            22-cr-00122-JMA-AYS-1

       -against-

GONZALO CASTILLO PEREZ,

                              Defendant.
------------------------------------------------------------------X
**AZRACK, United States District Judge:**

      Defendant Gonzalo Castillo Perez moves, under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, for a two-point reduction in his sentence based on the "zero-point offender" amendment to the U.S. Sentencing Guidelines ("Guidelines").[1] (ECF Nos. 32, 35.) The Government opposes the motion. (ECF No. 36.) Mr. Perez replied. (ECF No. 37.) For the below reasons, the motion is granted.

                                          I.      **DISCUSSION**

      Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." United States v. Torres, 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024) (Chin, J.) (citing United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020)). To do so, the court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v.

---

[1] Mr. Perez filed the instant motion pro se around February 16, 2024. (See ECF No. 32.) His counsel from the proceedings below was re-appointed to assist with his instant motion for a sentence reduction. (See Elec. Order Feb. 21, 2024; see also ECF No. 35.)

Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)). If the defendant is eligible for a sentence reduction, "'a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' which are contained in U.S.S.G. § 1B1.10." Torres, 2024 WL 621554, at *1 (quoting Martin, 974 F.3d at 136).

Section 1B1.10(a)(2)(B) provides, however, that "[a] reduction in the defendant's term of imprisonment ... is not authorized under 18 U.S.C. § 3582(c)(2) if ... [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). And U.S.S.G. § 1B1.10(b)(2)(A) provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range."[2] Id. § 1B1.10(b)(2)(A). So, "if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2)." United States v. Ross, 2024 WL 149130, at *1 (S.D.N.Y. Jan. 12, 2024).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Part A of Amendment 821 to the Guidelines addresses "status points," which refer to two additional points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case. United States v. Tejeda, 2024 WL 1676329, at *2 n.1 (S.D.N.Y. Apr. 18, 2024). The Amendment

---

[2] "The sole exception provided by the Sentencing Guidelines is for defendants who were sentenced to less than the guideline range 'pursuant to a government motion to reflect the defendant's substantial assistance to authorities,' in which case 'a reduction comparably less than the amended guideline range . . . may be appropriate.'" United States v. Wallace, No. 22-cr-153, ECF No. 62, at 3 (E.D.N.Y. Apr. 30, 2024) (citing U.S.S.G. § 1B1.10(b)(2)(B)) (denying motion for a sentence reduction where the defendant's sentence was already at the low end of the amended guidelines). This exception is inapplicable here. Nor did Mr. Perez qualify for a "safety valve" reduction. (See ECF No. 26, at ¶ 9 ("PSR"); see also Supl. PSR at 2)).

decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or less criminal history points. See U.S.S.G. § 4A1.1(e). Part B of the 821 Amendment provides a decrease of two offense levels for "Zero-Point Offenders" (offenders who have no criminal history points) and whose offense did not involve specific aggravating factors.³ Id. § 4C1.1.

All agree that Mr. Perez is eligible for a modification of sentence. (See ECF No. 35, at 1 ("Perez Mot."); see also ECF No. 36, at 3 ("Gov't Opp."); ECF No. 31, at 3 ("Supl. PSR").) The Court sentenced Mr. Perez on July 20, 2023, to a term of imprisonment of 47 months, slightly below the then-applicable Sentencing Guidelines range of 57–71 months. (See ECF No. 29; see also Sentencing Tr. at 8.) That range was based, in part, on the calculation that Mr. Perez's had zero criminal history points, resulting in a Criminal History Category of I. (See id.; see also Sentencing Tr. at 4.) As a result, Mr. Perez's offense level is reduced by two levels from 25 to 23 under the Guidelines as amended. (See Supl. PSR at 3.) At offense level 23 and with a Criminal History Category of I, the amended Guidelines range is now 46–57 months' imprisonment. (See id.; see also Gov't Opp. at 2.)

Mr. Perez argues the Court should reduce his sentence to a term of imprisonment "proportionately below the new and correct guideline range." (Perez Mot. at 4.) In response, the Government argues the Court should decline to reduce Mr. Perez's sentence at all because "a reduction—of one month or otherwise—is not warranted under the Section 355[3](a) factors."

---

³ Under § 4C1.1, a defendant with zero criminal history points is eligible for a two-level reduction to his offense level if: (i) he did not receive an adjustment under § 3A1.4 (Terrorism); (ii) he did not use violence or credible threats of violence in connection with the offense; (iii) the offense did not result in death or serious bodily injury; (iv) the offense is not a sex offense; (v) he did not personally cause substantial financial hardship; (vi) he did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon; (vii) the offense is not covered by § 2H1.1 (Offenses Involving Individual Rights; (viii) he did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (ix) he did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. See U.S.S.G. § 4C1.1(a)(2)–(10). None of these aggravating factors are present in Mr. Perez's case. (See Supl. PSR at 1–2.)

3

(Gov't Opp. 3.)  Additionally, the Government argues that this Court cannot "reduce [Mr. Perez's] sentence to a term that is less than the minimum of the amended range" of 46 months' imprisonment.  (Id.)  In reply, Mr. Perez argues the Court should reduce his sentence to a term of 38 months' imprisonment.  (ECF No. 37, at 2.)

Upon re-reviewing the record of this case and carefully "consider[ing] anew all of the § 3553(a) factors that [I] originally considered at sentencing," United States v. Vela, 2024 WL 1621109, at *1 (S.D.N.Y. Apr. 15, 2024), I reduce Mr. Perez's sentence by one month and find a 46 month term of imprisonment "to be the least restrictive sentence necessary to satisfy the statutory purposes of sentencing."[4]  Id.; see also 18 U.S.C. § 3553(a).  In this case, the Court may not—pursuant to 18 U.S.C. § 3582(c)(2)—reduce Mr. Perez's term of imprisonment "to a term that is less than the minimum of the amended guideline range" of 46 months.[5]  U.S.S.G. § 1B.10(b)(2)(A) & cmt. n.3.  Accordingly, the Court resentences Mr. Perez to 46 months' imprisonment, the bottom of the newly applicable Guidelines range.  All other components of the sentence remain as originally imposed.

## II.   CONCLUSION

For the above reasons, Mr. Perez's motion is GRANTED.  Mr. Perez's term of imprisonment is reduced by one month to 46 months' imprisonment.  All other components of the sentence remain as originally imposed.  The Clerk of Court is respectfully directed to close ECF Nos. 32 and 35.  The Clerk of Court is also respectfully directed to mail a copy of this Order to Mr. Perez at his address of record.  The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in

---

[4] In addition to the Section 3553(a) factors, the Court also considers Mr. Perez's "post-sentencing conduct," none of which is a cause for this Court's concern.  U.S.S.G. § 1B1.10, Application Note 1(B)(iii).

[5] The limitation in U.S.S.G. § 1B.10(b)(2)(A) applies even if the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing.  See U.S.S.G. § 1B.10(b)(2)(A) & cmt. n.3.

4

forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:   May 21, 2024
         Central Islip, New York

                                                            /s/ JMA
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE